[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before the court on the plaintiff's motion for class certification pursuant to Practice Book §§ 87 and 88. Those provisions require a determination that:
 (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class (P.B. § 87) and . . . the questions of law or facts common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (P.B. § 88)
Practice Book § 90 permits a court to require notice to class members of the pendency of the action.
The plaintiffs allege that on March 23, 1995, they bought a used car from the defendants, agreeing to pay for the car in installments and to pay, among other charges, a fee in the amount of $475 to avoid having to pay the difference between the actual cash value of the car and the amount due under the installment contract in the event the car was destroyed or stolen. This charge is identified on the installment contract on a part of the form contract listing "Amounts paid to others on your behalf." The plaintiffs allege that this identification of the charge is misleading, and that the charge is a finance charge but was instead identified in the contract as part of the amount financed. The plaintiffs claim that the disclosure and CT Page 751 characterizations of the charge violate the Connecticut Unfair Trade Practices Act ("CUTPA") C.G.S. §§ 42-110a et seq. and the Connecticut Retail Institute Sales Financing Act ("RISFA") C.G.S. § 36a-770 et seq.
The defendant has opposed the motion for class certification on two grounds: a) that no other members of the proposed class have asserted claims to date and b) that the plaintiffs at deposition were not able to explain their claims with sufficient clarity.
The first ground asserted is not a requirement identified in P.B. §§ 87-88. The second objection concerns the adequacy of the plaintiffs as representatives of the class they seek to represent. The plaintiffs are not acting pro se, rather, they are represented by Attorney Joanne S. Faulkner. In opposing the admission of another attorney to appear pro hac vice for the plaintiffs, the defendant itself observed that "present counsel, Joanne Faulkner, unquestionably has sufficient expertise in the area of class action claims and truth-in-lending type claims." It has been held that where counsel for a class representative is qualified and knowledgeable, it is not necessary for the named class representatives themselves to have a complete understanding of the issues of the case to be considered adequate representatives. Rivera v. Fair Chevrolet Partnership,165 F.R.D. 361, 362-364 (D. Conn. 1996).
Having reviewed the plaintiff's submissions, the court finds that the requirements of adequacy, typicality and numerosity are met. Because the practice at issue is alleged to be a general practice as to the manner for disclosing the charge at issue, it appears that class action adjudication is superior to other methods of proceeding. The court finds that all requirements for class certification have been met.
The defendant has raised no objection to the proposed definition of the class which shall be as follows:
All persons who bought vehicles from September 7, 1992 and later in consumer installment transactions in which Orlor, Inc. was the seller or creditor and whose purchase of the "balance protection plan" was included as part of the "amount financed" and was excluded from the "finance charge" and "annual percentage rate" in the disclosures concerning the transactions. CT Page 752
Beverly J. Hodgson Judge of the Superior Court